NO. 07-04-0345-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 24, 2006

_____

In the Guardianship of VIVIAN JACKSON, an Incapacitated Person

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 282-P; HON. W. F. "CORKY" ROBERTS, PRESIDING

_____

***ON ABATEMENT AND REMAND***

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

Appellants appeal from an order of the trial court in a guardianship proceeding. On March 23, 2006, appellants and appellees, through their counsel, filed a joint motion to abate the appeal and permit proceedings in the trial court to effectuate a settlement agreement. *See* TEX. R. APP. P. 42.1(a)(2)(C) (authorizing same). The parties have reached an agreement to settle and compromise their differences and disputes, not only on the issues which are the subject of this appeal, but also in collateral proceedings.

Accordingly, we abate this appeal and remand the cause to the County Court at Law No. 1 for Potter County, Texas (trial court) for further proceedings. Upon remand, the trial

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine whether to effectuate the settlement.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing whether it effectuated the settlement, 2) execute all orders necessary to effectuate the settlement if it so chooses, 3) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 4) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court shall then file the supplemental record and reporter's record transcribing the hearing with the clerk of this court on or before April 13, 2006. Should further time be needed by the trial court to perform these tasks, then same must be requested before April 13, 2006.

It is so ordered.

Per Curiam